United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10                    IN THE UNITED STATES DISTRICT COURT

11                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13

14

15   SECURIMETRICS, INC.,                    No. C 05-00917 CW

16           Plaintiff,                      ORDER DENYING
                                             DEFENDANT'S
17        v.                                 MOTION TO DISMISS
                                             AND DENYING
18   HARTFORD CASUALTY INSURANCE             DEFENDANT'S
     COMPANY,                                MOTION TO STRIKE
19                                           PLAINTIFF'S CLAIM
             Defendant.                      FOR PUNITIVE
20   _____/      DAMAGES

21

22        Plaintiff SecuriMetrics, Inc. filed this lawsuit against

23   Defendant Hartford Casualty Insurance Company alleging that

24   Defendant failed to provide insurance coverage in bad faith and

25   breach of contract.  Defendant moves pursuant to Federal Rule of

26   Civil Procedure 12(b)(6) to dismiss the complaint for failure to

27   state a claim upon which relief can be granted, and

28

alternatively to strike Plaintiff's request for punitive damages under Federal Rule of Civil Procedure 12(f).  Plaintiff opposes the motion.  This matter was heard on July 15, 2005.  Having considered the papers filed by the parties and oral argument on the motion, the Court DENIES Defendant's motion to dismiss and its motion to strike Plaintiff's request for punitive damages.

BACKGROUND

Plaintiff's complaint alleges the following.  Defendant issued Plaintiff a written insurance policy, Policy No. 57 SBA AT8252 (the Policy), for the period February 28, 2003 to February 28, 2004.  Complaint ¶ 2.  The Policy covered damages Plaintiff might incur for offenses that caused "personal or advertising injury" arising out of Plaintiff's business in the United States during the policy period.  The Policy also required Defendant to defend Plaintiff in any suit seeking damages for "personal and advertising injury."  Complaint ¶ 6. Plaintiff paid the Policy premium and satisfied all other requirements of the Policy.  Complaint ¶ 5.

In or about October, 2003, Iridian Technologies, Inc. (Iridian) filed a false counterclaim against Plaintiff, alleging that Plaintiff was liable for damages because of a "personal and advertising injury" caused by Plaintiff's offenses in the United States during the Policy period.  Iridian's claim was covered by the Policy.  Plaintiff made a timely demand on Defendant to defend it against Iridian's counterclaim, but Defendant refused. Complaint ¶ 7.  At the time of Defendant's refusal, it knew that it was obliged to defend Plaintiff, and that it was violating

2

its duty of good faith and fair dealing in refusing to do so. Complaint ¶ 15.

Plaintiff alleges causes of action for breach of written contract and tortious breach of the implied covenant of good faith and fair dealing, and seeks a declaratory judgment that Defendant is obliged to defend Plaintiff.

LEGAL STANDARD

I. Dismissal Under Rule 12(b)(6)

A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Fed. R. Civ. P. 8(e). These rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." Conley v. Gibson, 355 U.S.

1  41, 47 (1957).

2  II.  Motion to Strike Under Rule 12(f)

3      Pursuant to Federal Rule of Civil Procedure 12(f), the

4  Court may strike from a pleading "any redundant, immaterial,

5  impertinent or scandalous matter."  Fed. R. Civ. P. 12(f).  The

6  purpose of a Rule 12(f) motion is to avoid spending time and

7  money litigating spurious issues.  Fantasy, Inc. v. Fogerty, 984

8  F.2d 1524, 1527 (9th Cir. 1993), reversed on other grounds, 510

9  U.S. 517 (1994).  Matter is immaterial if it has no essential or

10  important relationship to the claim for relief plead.  Id.

11  Matter is impertinent if it does not pertain and is not

12  necessary to the issues in question in the case.  Id.  Rule

13  12(f) motions to strike are "generally not granted unless it is

14  clear that the matter sought to be stricken could have no

15  possible bearing on the subject matter of the litigation."

16  Rosales v. Citibank, Federal Sav. Bank, 133 F. Supp. 2d 1177,

17  1180 (N.D. Cal. 2001).

18                              DISCUSSION

19  I.  Motion to Dismiss Under Rule 12(b)(6)

20      A.  Breach of Contract and Declaratory Relief

21      Defendant argues that the breach of contract claim and

22  request for declaratory judgment should be dismissed, because

23  plaintiff did not attach a copy of the contract to the complaint

24  or set forth the contract terms verbatim.

25      Defendant cites California State law and an unpublished

26  district court case for the proposition that a Plaintiff

27  pleading breach of contract must either attach a copy of the

28                                  4

United States District Court
For the Northern District of California

contract to the complaint or set forth the relevant contract terms verbatim.  <u>See</u> <u>Otworth v. Southern Pacific Transportation Co.</u>, 166 Cal. App. 3d 452, 459 (1985); <u>Campbell v. Allstate Ins. Cos.</u>, No. 95-1171, 1995 WL 376926, at *2 (C.D. Cal. May 17, 1995) (dismissing complaint under Rule 12(b)(6) for failure to attach contract, citing California State law).  However, pleading is governed by Rule 8 of the Federal Rules of Civil Procedure, not by State procedural requirements.  Under Federal Rule of Civil Procedure 8(a), a "short and plain statement of the claim" suffices.  The forms appended to the Federal Rules of Civil Procedure note that "plaintiff may set forth the contract verbatim in the complaint or plead it, as indicated, by exhibit, or plead it according to its legal effect."  Fed. R. Civ. P. Official Form 3, 12; <u>see also</u> 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 1235 (2004).  These forms are declared to be sufficient by Federal Rule of Civil Procedure 84.

Here, Plaintiff has plead the "legal effect" of the contract as required by Federal Rule of Civil Procedure 8, and has alleged sufficient facts to enable Defendant to understand and respond to its claims.  The complaint alleges that the Policy covered damages that Plaintiff incurred for offenses causing "personal and advertising injury," and that the Policy required Defendant to defend Plaintiff in suits seeking damages for such injury.  The complaint further states that Iridian's counterclaim alleged "personal and advertising injury" and was covered by the Policy, but that Defendant refused to defend

Plaintiff against the counterclaim.  Federal law does not require Plaintiff to recite the contract terms verbatim or to attach a copy of the contract to the complaint.

Therefore, Defendant's motion to dismiss the first claim for breach of contract and the request for declaratory judgment is denied.

B.  Breach of Implied Covenant of Good Faith and Fair Dealing

Defendant argues that Plaintiff's claim for breach of implied covenant of good faith and fair dealing should be dismissed because Plaintiff does not allege facts necessary to support a "bad faith" claim.

Under California law, "[b]ad faith implies unfair dealing rather than mistaken judgment or poor prognostication." Critz v. Farmers Ins. Group, 230 Cal. App. 2d 788, 796 (1964), disapproved on other grounds, Crisci v. Security Ins. Co., 66 Cal. 2d 425 (1967).  Thus, "the ultimate test of liability . . . is whether the refusal to pay policy benefits was unreasonable." Austero v. National Cas. Co., 84 Cal. App. 3d 1, 32 (1978).

Here, Defendant argues that Plaintiff has failed to plead any facts showing the unreasonableness of Defendant's refusal to defend.  However, the complaint alleges not only that Defendant erred in denying coverage, but that it "knew that it was obligated to defend SecuriMetrics, but nonetheless failed and refused to do so," and that it "knew that it was acting in violation of its duty of good faith and fair dealing." Plaintiff's allegations that Defendant knowingly refused to

6

fulfill its obligations demonstrate unreasonableness, not mere "mistaken judgment," and so support a claim of bad faith.

Therefore, Defendant's motion to dismiss the second cause of action for breach of the implied covenant of good faith and fair dealing is denied.

## II.  Motion to Strike Under Rule 12(f)

Defendant contends that Plaintiff's request for punitive damages should be stricken as "redundant, immaterial, impertinent or scandalous," because Plaintiff fails to plead facts sufficient to support such a request.

Under the California Civil Code, punitive damages are awarded only where the "defendant has been guilty of oppression, fraud, or malice. . ."  Cal. Civil Code § 3294; see also Silberg v. California Life Ins. Co., 11 Cal. 3d 452, 462-63 (1974) (holding that defendant's breach of implied covenant of good faith and fair dealing, without separate showing of intent to injure plaintiff, did not justify punitive damages award).

Here, Defendant claims that Plaintiff has failed to allege facts showing the "oppression, fraud or malice" required for an award of punitive damages.  However, as discussed above, the complaint does not allege mere negligence by Defendant, but instead claims that Defendant "knew it was acting in violation of its duty of good faith and fair dealing" and "knew it was obligated to defend SecuriMetrics, but nonetheless failed and refused to do so."  Plaintiff's request for punitive damages is supported by its allegations of Defendant's intentional refusal to defend Plaintiff, and is not "redundant, immaterial,

**United States District Court**
For the Northern District of California

1  impertinent or scandalous matter."

2     Therefore, Defendant's motion to strike Plaintiff's request

3  for punitive damages is denied.

4

5

6

7

8                          CONCLUSION

9     For the foregoing reasons, Defendant's motion to dismiss

10  the complaint and to strike Plaintiff's request for punitive

11  damages (Docket #5) is DENIED.

12

13  IT IS SO ORDERED.

14

15  Dated: 7/21/05                    /s/ CLAUDIA WILKEN
                                     CLAUDIA WILKEN
16                                   United   States   District
                                     Judge
17

18

19

20

21

22

23

24

25

26

27

28
                                   8