UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SECURIMETRICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HARTFORD CASUALTY INSURANCE COMPANY, <br><br> Defendant. | Case No. C 05 00917 CW (JCS) <br><br> **[PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING TREATMENT OF MATERIALS PRODUCED IN DISCOVERY** <br><br> Complaint Filed: March 3, 2005 <br> Trial Date: October 3, 2006 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1
STIUPLATED PROTECTIVE ORDER GOVERNING TREATMENT OF MATERIALS PRODUCED IN DISCOVERY

IT IS HEREBY ORDERED that:

1. This Protective Order ("Order") shall be applicable to and govern all documents or other material exchanged, produced or disclosed in this action by any party to this action, including third parties.

2. As used in this Order, "document" means any transcript of deposition or hearing, exhibit, declaration, affidavit, pleading, motion, and other documents and things, and all information obtained by an inspection or copying of any program, process, technique, plan, drawing, document, procedure or other tangible thing from which information can be obtained or translated.

3. Any party may designate any document or materials produced by that party or a third party in this action which that party considers in good faith to contain confidential trade secret, technical, financial, and/or proprietary business information as confidential information (**"Confidential Information"**) subject to the terms of this Order by stamping such document **"CONFIDENTIAL."** The parties may make such a designation at the time such documents, or copies thereof, are delivered to the receiving party, or within ten (10) days thereafter in the event such labeling or marking is inadvertently omitted.

4. Any document that has been or will be designated in good faith by either party as Confidential Information in accordance with Paragraph 3 above, and any information in such documents, shall not be disclosed to any person by non-designating counsel, except disclosure may be made to:

   a. Any officer, director, or employee of a party, to the extent disclosure to such officer, director, or employee is deemed necessary by counsel for the prosecution or defense of this action;

   b. Outside counsel retained by the parties for the purpose of prosecuting or defending this action, and their employees;

   c. Graphics or design services retained by counsel for a party for the purpose of preparing demonstrative or other exhibits for depositions, hearings, trial or

other proceedings in this action, and outside copy service personnel retained for the purpose of producing copies of documents to be used in this action;

        d.    Any person who testifies at a deposition or hearing in this action, except that such person may only be shown Confidential Information during his or her deposition or hearing testimony and may not retain any Confidential Information;

        e.    Outside consultants or experts retained to assist counsel in this action, who have signed an acknowledgment as set forth in Paragraph 6 below, and as to whom the procedure set forth in Paragraph 7 has been followed; and

        f.    The Court, personnel of the Court, court reporters, and interpreters.

5.    All Confidential Information produced, disclosed or exchanged in the course of this action shall be used by the party to whom the information is produced or disclosed solely for the purpose of this action, and for no other purpose. Any party who receives Confidential Information from another party may only use such information in accordance with the terms of this Order.

6.    In no event shall any Confidential Information be disclosed to any person identified in Paragraphs 4.a, 4.c, 4.d, 4.e, (other than the Court or personnel of the Court), above, until such person has executed a written acknowledgment agreeing to be bound by the terms of this Order in the form set forth in Exhibit A hereto ("Acknowledgment"). The original and any copies of the Acknowledgment shall be maintained by the non-disclosing party, and need not be disclosed to any other party except on order of the Court.

7.    If any party desires to give, show, disclose, make available or communicate Confidential Information to any consultant or expert pursuant to the terms of this Order, it must first identify in writing the consultants or experts to whom it intends to disclose such documents or information to the attorney for the other party, who shall have five (5) court days from service by fax or personal delivery of such notice to object, in writing to disclosure to any of the consultants or experts so identified. Any objection to a proposed disclosure must be made with a degree of specificity sufficient to fully apprise the other party of the basis of the objection. Such identification shall include: (a) the full name,

business title, city and affiliation of the proposed consultant or expert and (b) a C.V. that includes present and prior employment and disclosed expert engagements since January 1, 2000. The parties shall attempt to resolve any objection informally through a meet and confer within three (3) court days after service of the objection. If an objection is not resolved, the objecting party may move before the Court for an order prohibiting the disclosure, and any such motion shall be made within three (3) court days of the aforementioned meet and confer. If no such motion is timely filed, the objection shall be deemed withdrawn. Any opposition to a motion to prevent disclosure must be made within five (5) court days of the motion to prevent disclosure; no reply papers shall be permitted. The motion shall be set for hearing no later than fourteen (14) days after the motion is filed. The burden shall be on the party making the objection to show good cause for the objection. In considering whether good cause has been shown, the Court will balance the interests of the parties, including the following factors and any others the Court deems appropriate: (a) the nature of the information to be disclosed, (b) the business activity of the consultant, and (c) the risk of misuse of the information. In the event objections are made and a motion to prohibit disclosure is submitted to the Court for decision, disclosure of Confidential Information to the consultant or expert shall not be made until the Court has ruled on the objection. Unless a particular expert or consultant is designated to testify for trial purposes under Federal Rule of Civil Procedure 26(a)(2), his or her identity shall not be disclosed to an opposing expert, consultant or any other person other than a party's employees or counsel who are subject to this Order, and the non-consulting party shall not directly or indirectly make any contact with the other party's consultant or expert.

8. If a question is asked at a deposition that calls for the disclosure of Confidential Information, the witness shall answer the question unless instructed not to do so on grounds of privilege, but the only persons who may be present when the question is answered are persons qualified to receive Confidential Information pursuant to the terms of this Order. Counsel may designate the deposition testimony as Confidential

1  Information by: (a) identifying such testimony on the record at the deposition; or (b)
2  within 15 calendar days after receipt of the deposition transcript, notifying counsel for the
3  other party of the designation in writing. All transcripts of depositions shall be treated as
4  Confidential Information until 15 days after receipt thereof by counsel for the party or
5  counsel for the witness.

6     9.   When Confidential Information is incorporated in a deposition or hearing
7  transcript, the party designating the Confidential Information shall make arrangements
8  with the court reporter not to disclose any such information except in accordance with the
9  terms of this Order, to bind separately the portions of the transcript containing
10 Confidential Information, to label each page of the transcript containing Confidential
11 Information with an appropriate legend, and to place the following notice on an envelope
12 containing the designated portions of the original transcript and/or any exhibits containing
13 Confidential Information:

### RESTRICTED

This document is under seal, contains information designated by [party] as Confidential Information, and may not be examined except in accordance with the Protective Order issued in this case on _____, 2005.

19 Non-original copies of the transcript and/or exhibits containing Confidential Information
20 must also be bound separately, labeled on each page and on the cover with an appropriate
21 legend, and maintained in accordance with their respective designations.

22     10.  All papers filed with the Court containing Confidential Information shall be
23 filed in a sealed envelope or container or otherwise as required by the applicable Local
24 Rules or other requirements of the court. The cover sheet on the envelope or container
25 shall display a notation substantially in the following form:

### DOCUMENT SUBMITTED UNDER SEAL:

This document is under seal, contains information designated by [party] as Confidential Information, and may not be

4
STIPULATED PROTECTIVE ORDER GOVERNING TREATMENT OF MATERIALS
PRODUCED IN DISCOVERY

examined except in accordance with the Protective Order issued in this case on _____, 2005.

11. Nothing in this Order shall preclude: (a) outside counsel for any party to this action from showing a document designated as Confidential Information to an individual who authored or prepared the document or received it prior to the filing of this action; or (b) a party from disclosing or using the party's own information or documents which the party itself has designated as Confidential Information. Such disclosure shall not waive the protection of this Order and shall not entitle the other party or its attorneys to disclose such information or documents.

12. The parties to this Order and their counsel shall attempt to reach a stipulated agreement regarding the use at trial of any Confidential Information. If the parties are unable to reach an agreement, they will submit the issue to the Court for decision.

13. Failure to oppose the designation of documents as Confidential Information shall not constitute an admission or concession by the non-designating party that the document or the information therein is confidential or is legally protectable intellectual property, proprietary property or trade secrets.

14. Nothing in this Order shall prevent a party receiving a document designated Confidential Information from seeking a further order of the Court declaring that such a document shall not be subject to the provisions of this Order. Upon motion, and upon good cause shown, the Court may make any order that justice requires for the prevention of, or the protection of, any party from oppression or undue burden or unnecessary expense, due to unreasonable use of the right to designate documents as Confidential Information.

15. If information subject to a claim of attorney-client privilege or work product immunity is inadvertently produced in response to document demands, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information. If a party claims that it has inadvertently produced material subject to a claim of immunity or privilege, then

promptly following that party's written request identifying the material for which a claim of inadvertent production is made, the receiving party shall take prompt steps to ensure that all known copies of such information or material are returned promptly to the producing party. The party returning such information may move for an order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.

16. Nothing in this Order shall prevent a party from seeking any change or modification in this Order.

17. Within 30 days after a termination of this action whether by final adjudication, settlement, or otherwise, any party who designated Confidential Information may request the destruction or return of all such designated documents, together with all copies of same, including extracts or summaries thereof or documents containing information taken therefrom, in the actual or constructive possession, custody or control of any party. If a party requests the destruction of Confidential Information by the party receiving Confidential Information, the party destroying Confidential Information shall certify in writing that all Confidential Information has been destroyed within 10 days of the requested destruction.

18. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence based on any lawful ground.

IT IS SO ORDERED.

Dated: ___Sept. 28___, 2005

_____
JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# ACKNOWLEDGMENT

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") dated _____, 2005, in *SecuriMetrics, Inc. v. Hartford Casualty Insurance Co.*, Case No. C 05 00917 CW.

Having read and understood the terms of the Order, I agree to be bound by the terms of the Order. I further understand that by signing below, I consent to jurisdiction of the United States District Court, Northern District of California solely for the purpose of any proceeding to enforce the terms of the Order.

Dated: _____, 2005_        _____
                                              (Signature)