IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURIMETRICS, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY,<br><br>  Defendant.<br>_____/ | No. C 05-00917 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE |

Plaintiff moves to dismiss two of Defendant's claims for declaratory relief and to strike over half of Defendant's affirmative defenses. Defendant opposes portions of this motion. The matter was heard on September 30, 2005. Having considered all of the papers filed by the parties and oral argument on the motion, the Court denies Plaintiff's motion to dismiss and grants in part Plaintiff's motion to strike and denies it in part.

BACKGROUND

Plaintiff SecuriMetrics, Inc. filed this lawsuit against Defendant Hartford Casualty Insurance Company alleging that Defendant failed to provide insurance coverage in breach of contract and in bad faith. Plaintiff's complaint alleges the following. Defendant issued Plaintiff a written insurance policy, Policy No. 57 SBA AT8252 (the Policy), for the period February 28,

2003 to February 28, 2004. Complaint ¶ 2. The Policy covered damages Plaintiff might incur for offenses that caused "personal or advertising injury" arising out of Plaintiff's business in the United States during the policy period. The Policy also required Defendant to defend Plaintiff in any suit seeking damages for "personal and advertising injury." Complaint ¶ 6. Plaintiff paid the Policy premium and satisfied all other requirements of the Policy. Complaint ¶ 5.

In or about October, 2003, Iridian Technologies, Inc. (Iridian) filed a false counterclaim against Plaintiff, alleging that Plaintiff was liable for damages because of a "personal and advertising injury" caused by Plaintiff's offenses in the United States during the Policy period. Iridian's claim was covered by the Policy. Plaintiff made a timely demand on Defendant to defend it against Iridian's counterclaim, but Defendant refused. Complaint ¶ 7. At the time of Defendant's refusal, it knew that it was obliged to defend Plaintiff, and that it was violating its duty of good faith and fair dealing in refusing to do so. Complaint ¶ 15.

Defendant filed a motion to dismiss and strike, which was denied. Then Defendant filed an answer asserting twenty-five affirmative defenses. Also included in the answer were four counterclaims for declaratory relief. The two counterclaims at issue are the second claim for declaratory relief -- regarding reimbursement -- and the fourth claim for declaratory relief -- regarding indemnity.

LEGAL STANDARD

I. Dismissal Under Rule 12(b)(6)

A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Fed. R. Civ. P. 8(e). These rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

II. Motion to Strike Under Rule 12(f)

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. See Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). A defense is insufficient if it fails to give the

3

plaintiff fair notice of the nature of the defense.  See Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979).  Matter is immaterial if it has no essential or important relationship to the claim for relief pleaded.  See Fogerty, 984 F.2d at 1527.  Matter is impertinent if it does not pertain and is not necessary to the issues in question in the case.  See id.

Courts generally disfavor use of the Rule 12(f) motion and have held that it should only be granted if the asserted defense is clearly insufficient as a matter of law under any set of facts the defendant might allege.  As the Second Circuit has explained:

> A motion to strike an affirmative defense . . . for legal insufficiency is not favored and will not be granted "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense."  Moreover, even when the facts are not disputed, several courts have noted that a "motion to strike for insufficiency was never intended to furnish an opportunity for the determination of disputed and substantial questions of law."
>
> "[E]ven when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits."

William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984), vacated on other grounds and remanded, 478 U.S. 1015 (1986)(citations omitted); accord Augustus v. Board of Public Instruction, 306 F.2d 862, 868 (5th Cir. 1962)(court should grant motion to strike only if the pleading has no possible relation to the controversy); see also Moore's Federal Practice 3d, § 12.37[1], [4] (Rule 12(f) motions are generally disfavored and motions to strike defenses should be denied if

4

1  sufficiency of defense depends on disputed issues of fact or
2  questions of law).

DISCUSSION

I.  Motion to Dismiss

   A.  Second Claim for Declaratory Relief -- Reimbursement

   Defendant seeks a declaration that it is entitled to reimbursement of all or a portion of the amount it pays to defend Plaintiff against non-covered claims asserted by Iridian. Plaintiff argues that Defendant's reimbursement claim is not ripe because under California law there is no right to reimbursement until after the underlying litigation is resolved. Plaintiff asserts that because Defendant has no present right to reimbursement, the Court should dismiss the reimbursement request for failure to state a claim upon which relief can be granted, under Rule 12(b)(6), or because the Court lacks subject matter jurisdiction over the claim, under Rule 12(b)(1), in that the claim is unripe.

   Plaintiff, however, reads too much into Buss v. Superior, 16 Cal. 4th 35 (1997). In Buss, the California Supreme Court held, among other things, that an insurer can seek reimbursement from the insured for costs associated with defending claims that are not even potentially covered by the insurance policy. Id. at 50. The court noted that "the insurer will presumably take the safer course of defending the entire 'mixed' action and then seeking reimbursement for defense costs that can be allocated solely to the claims that are not even potentially covered." Id. at 59. But it did not, as Plaintiff asserts, hold that the insurer could seek

5

reimbursement only after the underlying litigation is resolved.

Plaintiff's argument that Defendant's reimbursement claim must be dismissed because Defendant currently has paid nothing in Plaintiff's defense is also unconvincing. Plaintiff ignores Ninth Circuit case law and 28 U.S.C. § 2201, which provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." There is no requirement, as Plaintiff purports, that Defendant must first pay defense costs before there can be a justiciable controversy.

Instead, to determine whether there is a justiciable controversy, the Court must examine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Societe de Conditionnement en Aluminium v. Hunter Engineering Co., Inc., 655 F.2d 938, 942 (9th Cir. 1981) (quoting Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)) (holding in a patent case that a case or controversy sufficient to grant declaratory relief exists where a plaintiff has a real and reasonable apprehension that it will be subject to liability if it continues to manufacture the product). Here, there is a substantial controversy; the parties are in the midst of litigation and Defendant has a real and reasonable apprehension that it will have to pay for Plaintiff's defense, including costs associated with defending not even potentially

6

1  covered claims.  The Court finds that Defendant's request for
2  declaratory relief at this time is appropriate and denies
3  Plaintiff's motion to dismiss the second counterclaim.
4      B.   Fourth Claim for Declaratory Relief -- Indemnity
5      Defendant requests that the Court determine that neither
6  SecuriMetrics nor Iridian are entitled to indemnity coverage from
7  Hartford.  Plaintiff argues that the indemnity claim -- like the
8  reimbursement claim -- is not ripe because California law permits
9  determination of indemnity only after the underlying litigation is
10 over.  Plaintiff asserts that because Defendant has no present
11 right to indemnity the Court should dismiss the indemnity request
12 for failure to state a claim upon which relief can be granted,
13 under Rule 12(b)(6), or because the Court lacks subject matter
14 jurisdiction over the claim, under Rule 12(b)(1), in that the claim
15 is unripe.
16     As noted by Defendant, however, a party may seek declaratory
17 relief that it is not obliged to defend or to indemnify its insured
18 against the third party claim in question, even while the
19 underlying suit is pending in a different case in State court.
20 <u>American States Ins. Co. v. Kearns</u>, 15 F.3d 142, 144-45 (9th Cir.
21 1994).  In response, Plaintiff argues that <u>American States</u> was
22 decided before <u>Montrose Chemical Corp. v. Amidral Insurance Co.</u>, 10
23 Cal. 4th 645 (1995), and thus the Court is not bound by <u>American
24 States</u>.  Plaintiff contends that the <u>Montrose</u> court recognized, as
25 a matter of California insurance law, that the duty to indemnify
26 does not arise until the insured's underlying liability can be
27 established.  But, as Plaintiff recognizes, the duty to indemnify
28

7

was not before the court in Montrose. The Montrose court stated that the "duty to defend Montrose is all that is directly at issue in this proceeding." Id. at 659 n.9. While distinguishing the duty to defend from the duty to indemnify, the court noted that the "obligation to indemnify, on the other hand, arises when the insured's underlying liability is established." Id. That footnote concerning the obligation to indemnify, however, does not support Plaintiff's argument that this Court cannot consider Defendant's request for a declaratory judgment that it has no duty to indemnify until after there has been a liability determination. American States is binding upon this Court.

    Plaintiff correctly notes, however, that American States holds that a district court has discretion to consider declaratory relief in insurance dispute claims; it does not hold that a court must do so. To determine whether it should exercise its discretion to consider or grant declaratory relief, "the district court 'must balance concerns of judicial administration, comity, and fairness to the litigants.'" American States, 15 F.3d at 144 (quoting Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (9th Cir. 1991)). Plaintiff contends that efficiency considerations require that indemnity issues be deferred until liability has been established because if liability is not established, the Court will have wasted judicial resources in determining indemnity issues. Defendant contends that the duty to indemnify and the duty to defend are both dependant on coverage and that judicial economy warrants that the Court not dismiss its counterclaims. Defendant points out that Plaintiff sued it, requesting a declaration of the

8

parties' rights and obligations. It would be unjust and wasteful to preclude Defendant from seeking similar relief and to force Defendant to bring multiple actions for declaratory relief.

Balancing the concerns of judicial administration, comity, and fairness to the litigants, the Court finds that Defendant's request for declaratory relief at this time is appropriate and denies Plaintiff's motion to dismiss the fourth counterclaim.

## II. Motion to Strike

Citing out-of-circuit precedent from the Northern District of Illinois, Plaintiff asserts that an affirmative defense must plead allegations supporting all material elements of the asserted defense. See Weber Shandwick Worldwide v. Reid, 2005 U.S. Dist. LEXIS 14482, *14 (N.D. Ill. 2005). But that is not the standard that this Court must follow. Rather, as noted by Defendant, the Ninth Circuit has instructed that the "key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak, 607 F.2d at 827. Furthermore, if the Court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the opposing party. Id. at 826.

### A. First, Second, Sixteenth and Seventeenth Affirmative Defenses

Defendant does not oppose striking the first (failure to state a claim for relief), second (acts consistent with applicable law), sixteenth (failure to state a claim for punitive damages), and seventeenth (reasonable and lawful conduct) affirmative defenses. But Defendant requests that the defenses be stricken without

9

prejudice, so that there can be no doubt as to Defendant's right to challenge Plaintiff's proof of its affirmative claims by way of motion or trial.  Because Defendant recognizes that the second and seventeenth affirmative defenses are surplusage, the Court strikes those defenses without leave to amend.  Because the Court recognizes Defendant's right to challenge Plaintiff's claims for relief and punitive damages either by way of motion or at trial, the Court strikes the first and sixteenth affirmative defenses without leave to amend.

B.  Fourteenth, Nineteenth and Twenty-Fifth Affirmative Defenses

Defendant also does not oppose striking the fourteenth (no damage) and twenty-fifth (right to raise additional defenses) affirmative defenses.  Defendant does not oppose striking a portion of the nineteenth (expected or intended injury) affirmative defense.

Defendant did not address the fourteenth affirmative defense, that Plaintiff has not suffered any damage as a result of Defendant's conduct, in its opposition.  During oral argument, Defendant stated that it did not oppose striking the fourteenth affirmative defense.  The Court strikes the fourteenth affirmative defense without leave to amend.

The nineteenth affirmative defense asserts that Plaintiff's purported losses are excluded from coverage because they arise out of either property damage or personal and advertising injury that Plaintiff intended or caused.  Defendant does not object to striking the portion of the affirmative defense regarding property

10

damage. As noted by Plaintiff, there are no allegations of property damage in the Iridian litigation. Defendant, however, requests that the language be stricken with leave to amend, in case property damage becomes an issue in the Iridian litigation. The Court strikes the portion of the defense regarding property damage without prejudice; the Court will not strike the portion of the defense regarding personal and advertising injury.

Defendant does not oppose striking its twenty-fifth affirmative defense, recognizing that if it has a right to raise additional defenses, the Court will rule at the appropriate time. The Court strikes the twenty-fifth affirmative defense without leave to amend.

### C. Fourth, Fifth and Sixth Affirmative Defenses

Plaintiff contends that the Court should strike the fourth (estoppel), fifth (waiver) and sixth (laches) affirmative defenses because Defendant provides no facts to support those defenses. Defendant, however, argues that the defenses comply with Federal Rule of Civil Procedure 8 and provide Plaintiff with fair notice.

The Court finds that, when read in conjunction with the factual allegations contained in Defendant's counterclaims filed simultaneously with the answer, the defenses provide Plaintiff with fair notice. The Court will not strike these three defenses.

### D. Seventh Affirmative Defense

Defendant's seventh affirmative defense states that "by the virtue of the unlawful, negligent, fraudulent and/or other wrongful conduct of Plaintiff . . . failing to cooperate with Hartford in the investigation . . . described in the complaint, Plaintiff is

11

barred from recovery as against Hartford by its own unclean hands." Plaintiffs argue that the Court should strike this affirmative defense because it contains allegations of fraud and Federal Rule of Civil Procedure 9 requires that in all averments of fraud, the circumstances constituting fraud must be stated with particularity. Defendant correctly notes that there is a difference between a fraud defense and an unclean hands defense. But Defendant's seventh affirmative defense includes fraud and thus is subject to fraud's pleading requirement, which it does not fulfill. Thus, the Court strikes the reference to fraudulent conduct without prejudice, but does not strike the entire affirmative defense.

E.  Eighth and Ninth Affirmative Defenses

Plaintiff argues that Defendant's eighth (comparative/ contributory fault) and ninth (superseding/intervening cause) affirmative defenses should be stricken because they are boilerplate defenses and do not fit the facts of the case. Defendant disagrees.  It notes that the complaint alleges a tort and that Plaintiff does not establish that a third party's acts or omission could not possibly have contributed to Plaintiff's alleged losses.  Plaintiff has not met the high standard required on a motion to strike.  These two affirmative defenses are not clearly insufficient as a matter of law under the facts Defendant might allege.  The Court will not strike the eighth and ninth affirmative defenses.

F.  Eleventh and Twelfth Affirmative Defenses

Plaintiff again contends that Defendant asserted the eleventh (policy provisions and exclusions) and twelfth (Plaintiff's breach

12

of duties) affirmative defenses without consideration of the facts of this case. Plaintiff notes that Defendant makes no attempt to identify any particular provision, exclusion, or alleged breach of duty. Defendant responds that, in other affirmative defenses, it cites particular contractual breaches and specific policy provisions, but because it has not completed discovery, it cannot be more specific. These catch-all defenses, however, do not give Plaintiff the required fair notice. The Court strikes the eleventh and twelfth affirmative defenses without prejudice.

G.   Fifteenth and Twenty-second Affirmative Defenses

Plaintiff argues that the fifteenth (late notice) affirmative defense should be stricken because Defendant does not allege facts demonstrating that it has been prejudiced by the alleged late notice as it must under Clemmer v. Hartford Ins. Co., 22 Cal. 3d 865 (1978). But, as correctly noted by Defendant, Plaintiff has fair notice of this defense, which is what is required under federal pleading standards. The Court cannot strike the defense unless it is clearly insufficient as a matter of law under any set of facts Defendant might allege, which it is not. The Court will not strike the fifteenth affirmative defense.

The twenty-second affirmative defense states that Plaintiff's alleged losses were excluded from coverage "because such allegations arise out of property damage or personal and advertising injury due to the rendering of or failure to render any professional service." Plaintiff argues that the twenty-second (professional services) affirmative defense must be stricken because it is boilerplate asserted without regard to the facts of

13

United States District Court
For the Northern District of California

the case, noting that there are no allegations of property damage in the Iridian litigation.  Defendant's response is cursory; it asserts that Plaintiff has fair notice and does not acknowledge that it earlier agreed that defense based on property damage could be stricken without prejudice.  Regardless, Plaintiff has not met the high standard required on a motion to strike and the Court will not strike the twenty-second affirmative defense.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss and to strike numerous affirmative defenses (Docket No. 27) is GRANTED in part and DENIED in part.  The Court DENIES Plaintiff's motion to dismiss Defendant's second and fourth counterclaims.  The Court will not strike the fourth, fifth, sixth, eighth, ninth, fifteenth and twenty-second affirmative defenses.  The Court strikes the first, second, fourteenth, sixteenth, seventeenth and twenty-fifth affirmative defenses without leave to amend.  The Court strikes the reference to fraud in the seventh affirmative defense, the reference to property damages in the nineteenth affirmative defense and the eleventh and twelfth affirmative defenses without prejudice.

IT IS SO ORDERED.

Dated: 10/4/04

CLAUDIA WILKEN
United States District Judge